**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-62309-AUGUSTIN-BIRCH**

**ERIKA DENISE RODRIGUEZ,**

     **Plaintiff,**

**v.**

**EQUIFAX INFORMATION SERVICES, LLC,**
***et al.*,**

     **Defendants.**

                                     /

## <u>REPORT AND RECOMMENDATION ON MOTION TO VACATE</u>

This cause comes before the Court on Defendants Flagstar Bank, N.A. and Nationstar Mortgage LLC's (the "Defaulted Defendants") Motion to Vacate Clerk's Default. DE 21. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 36. Plaintiff Erika Denise Rodriguez filed a response, DE 30, and the Defaulted Defendants filed a reply. DE 33. Having carefully considered the record and the briefing and being otherwise fully advised in the premises, the Court **RECOMMENDS GRANTING** the Defaulted Defendants' Motion to Vacate Clerk's Default [DE 21].

### I. Background

Plaintiff has sued numerous Defendants under the Fair Credit Reporting Act. DE 1. The Defaulted Defendants are two such Defendants, and Plaintiff served Defendant Flagstar on December 12, 2025, and Defendant Nationstar on December 15, 2025. DE 14; DE 15. Thus, the Defaulted Defendants' responses to Plaintiff's Complaint were due on January 2, 2026, and

January 5, 2026, respectively. *See* Fed. R. Civ. P. 12(a). However, the Defaulted Defendants failed to timely respond to Plaintiff's Complaint. As a result, Plaintiff moved for, and obtained, a Clerk's entry of default against the Defaulted Defendants on January 7, 2026. DE 18; DE 19; DE 20. Shortly after the Clerk's entry of default and when their responses were due, the Defaulted Defendants filed the present Motion to Vacate, seeking to vacate the Clerk's entry of default against them. DE 21.

## II. Motion to Vacate Standard

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for "good cause." "Good cause is a mutable standard, varying from situation to situation." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quotation marks omitted); *see also id.* ("We recognize that 'good cause' is not susceptible to a precise formula, but some general guidelines are commonly applied."). When evaluating whether good cause exists, courts are guided by several factors, such as "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* Importantly, "these factors are not 'talismanic,'" and courts can consider other factors, "including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* Above all, defaults are disfavored due to the strong policy of determining cases on their merits. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)

## III. Analysis

In their Motion, the Defaulted Defendants contend that good cause exists to vacate the Clerk's entry of default against them. Among the arguments they raise, the Defaulted Defendants

state that their failure to timely respond was merely due to a calendaring error; argue that, given the early procedural stage of this litigation, Plaintiff has suffered no prejudice; claim that a settlement agreement has been prepared and is ready for execution after the Clerk's entry of default is vacated; and assert that they have affirmative defenses to Plaintiff's claims. DE 21. In her opposition, Plaintiff contends that the Defaulted Defendants have failed to establish good cause. She contends that the Defaulted Defendants' delay was willful and with reckless disregard for their response deadline, that she has been prejudiced by their delay, that the Defaulted Defendants do not have meritorious defenses, that their prompt attempt to cure does not excuse their prior inaction, and that vacating the default would not promote settlement efforts and judicial economy. DE 30.

For several reasons, the Court is persuaded that good cause exists to set aside the Clerk's entry of default against the Defaulted Defendants. First, the Defaulted Defendants promptly moved to vacate the Clerk's entry of default soon after its entry and soon after their responses were due. This prompt action demonstrates that the Defaulted Defendants do not have an intentional or reckless disregard for this judicial proceeding. Second, Plaintiff has suffered no prejudice due to the Defaulted Defendants' slight delay. No scheduling order has been entered in this matter, so Plaintiff still has ample time to obtain discovery and prosecute her claims against the Defaulted Defendants. Finally, the Defaulted Defendants have raised defenses that warrant adjudication on their merits in keeping with the strong policy of determining cases on their merit. *See* DE 21-2 at 20-21 (Defendant Flagstar's affirmative defenses); DE 21-3 at 20–21 (Defendant Nationstar's affirmative defenses).

## IV. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING** the Defaulted Defendants' Motion to Vacate Clerk's Default [DE 21] and **SETTING ASIDE** the Clerk's entry of default [DE 20].

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 11th day of March, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE